IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHEILA PATTERSON,              )
                               )
        Plaintiff,             )
                               )
    v.                         )        Civil Action No.: 1:19-cv-206-SRW
                               )
                               )
ANDREW SAUL,                   )
Commissioner of Social Security,[1] )
                               )
        Defendant.             )

## MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION

On August 9, 2016, Plaintiff Sheila Patterson filed applications for a period of

disability and disability insurance benefits and for Supplemental Security Income ("SSI")

under Titles II and XVI of the Social Security Act, alleging that she became disabled on

October 18, 2015. The applications were denied at the initial administrative level. Plaintiff

then requested and received a hearing before an Administrative Law Judge ("ALJ").

Following the hearing, the ALJ issued an unfavorable decision dated June 18, 2018.

Plaintiff appealed that decision and the Appeals Council denied Plaintiff's request for

review on January 29, 2019. The ALJ's decision consequently became the final decision

of the Commissioner of Social Security ("Commissioner"). *See Chester v. Bowen*, 792 F.2d

129, 131 (11th Cir. 1986). The case is now before the court for review of that decision

---

[1] Andrew Saul was sworn in as the Commissioner of Social Security on June 17, 2019, and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 USC § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Under 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the conduct of all proceedings and entry of a final judgment by the United States Magistrate Judge. *See* Docs. 15, 16. Based on review of the parties' submissions, the relevant law, and the record as a whole, the court finds that the Commissioner's decision is due to be reversed and remanded for additional proceedings consistent with this opinion.

## II. STANDARD OF REVIEW AND REGULATORY FRAMEWORK[2]

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla," but less than a preponderance, "and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence") (citations omitted). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). However, reversal is not warranted even if the court itself would have reached a result contrary to that of the

---

[2] For purposes of this appeal, the court uses the Code of Federal Regulations ("C.F.R.") that was effective until March 27, 2017, because that was the version of the C.F.R. in effect at the time Plaintiff filed a claim for benefits. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q.3.

factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). A reviewing

court may not look only to those parts of the record which support the decision of the ALJ,

but instead must view the record in its entirety and take account of evidence which detracts

from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th

Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the
> reasonableness of the [Commissioner's] . . . factual findings. . . . No similar
> presumption of validity attaches to the [Commissioner's] . . . legal
> conclusions, including determination of the proper standards to be applied in
> evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

To qualify for disability benefits and establish his or her entitlement for a period of

disability, a person must be unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[3] To make this determination, the Commissioner employs a five-

step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520; 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of
> Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability. A negative

---

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological
abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.
42 U.S.C. § 423(d)(3).

answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The burden of proof rests on the claimant through step four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–39 (11th Cir. 2004); *see also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). A claimant establishes a *prima facie* case of qualifying disability once he or she has carried the burden of proof from step one through step four. At step five, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy that the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Phillips*, 357 F.3d at 1238–1239. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242–1243. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy that the claimant can perform. *Id*. at 1239. To do this, the ALJ can use either the Medical Vocational Guidelines ("grids"), *see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert ("VE"). *Id*. at 1239–1240.

The grids allow the ALJ to consider factors such as age, confinement to sedentary

---

[4] *McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits claims brought under Title II of the Social Security Act. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and *vice versa*. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Id*. 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

## III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was 51 years old at the time she filed her applications for benefits and 53 years old at the time of the ALJ's decision. R. 26, 150, 362. She is a resident of Dothan, Alabama and lives in a house with her mother. R. 363. Plaintiff has a high school education. R. 26, 177, 364.

Plaintiff claims that her ability to work is limited by "facet arthrosis mid, distal lumbar spine, degenerative disc disease at C3–4 and C4–5, chronic severe pain, insomnia, depression and anxiety, nerve damage in left shoulder down arm, bulging disc, swelling of extremities with standing and walking, and two auto accidents 10/2015 and 05/12/2016." R. 176. Her past relevant work was as a fast food manager. R. 26, 177, 364, 375.

Following the administrative hearing, and employing the five-step process, the ALJ found at step one that Plaintiff "has not engaged in substantial gainful activity since October 18, 2015, the alleged onset date[.]" R. 20. At step two, the ALJ found that Plaintiff suffers from the following severe impairments: "degenerative disc disease, degenerative joint disease, fibromyalgia, anemia, obesity, and an affective disorder[.]" *Id*. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" *Id*. The ALJ articulated Plaintiff's RFC as follows:

5

the claimant has the residual functional capacity to perform light[5] work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to occasionally stooping, kneeling, crouching, and crawling. She cannot work around heights or hazards. She is limited to simple, routine tasks.

R. 23. At step four, based upon the testimony of a VE, the ALJ concluded that Plaintiff "is unable to perform any past relevant work." R. 26. At step five, based upon Plaintiff's age, education, work experience, and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as a street laundry folder; mail clerk, non-postal; and office helper. R. 26–27, 375–376. Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from October 18, 2015, through the date of this decision[.]" R. 27.

## IV. DISCUSSION

Plaintiff argues that the ALJ erred by finding that she did not meet a listed impairment. Doc. 13 at 7. Plaintiff contends that her severe impairments of degenerative disc disease and degenerative joint disease satisfy the criteria for Listing 1.04A and that the ALJ committed reversible error by finding that her impairments did not meet the listing. *Id.* at 8. As discussed below, the court concludes that Plaintiff's argument has merit. Because the ALJ's error necessitates reversal of the Commissioner's final decision and remand for further proceedings, the court pretermits discussion of the additional issues raised by Plaintiff in support of her present appeal.[6]

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b); 416.967(b).

[6] In addition to her argument with respect to Listing 1.04A, Plaintiff has presented the following issues in this appeal: (1) whether the ALJ's RFC finding is based on substantial evidence; and (2) whether the ALJ failed to properly weigh the medical opinions of record. Doc. 13 at 11–15.

A plaintiff is disabled if her impairment meets or equals a Listing. 20 C.F.R. §§ 404.1520(a)(4)(iii) and (d), 416.920(a)(4)(iii) and (d).[7] A claimant's impairment must meet or equal *all* of the specified medical criteria in a particular Listing for the claimant to be found disabled at step three of the sequential evaluation. *Sullivan v. Zebley*, 493 U.S. 521, 530–532 (1990). An impairment manifesting only some of the criteria does not qualify, no matter how severe. *Id.* at 530. It is a claimant's burden at step three to prove disability. *Id.* at 532–533. The burden is a heavy one because "the [L]istings were designed to operate as a presumption of disability that makes further inquiry unnecessary." *Id.* at 532.

Listing 1.04 provides as follows:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.

At step three of the disability evaluation, the ALJ found as follows:

> The undersigned considered listing 1.04, which relates to disorders of the spine resulting in compromise of a nerve root or the spinal cord. After reviewing the record, including diagnostic tests, physical examinations, and treatment notes, the undersigned found *no evidence of nerve root compression*, spinal arachnoiditis, or lumbar spinal stenosis resulting in

---

[7] "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (citing 20 C.F.R. §§ 404.1525(a)–(d)); *see also* 20 C.F.R. §§ 416.925(a)–(d). "To 'equal' a Listing, the medical findings must be 'at least equal in severity and duration to the listed findings.'" *Wilson*, 284 F.3d at 1224 (citing 20 C.F.R. § 404.1526(a)); *see also* 20 C.F.R. § 416.926(a).

pseudo claudication [*sic*] as required by this listing. Accordingly, the undersigned finds that the claimant's back impairment fails to meet or medically equal listing 1.04.

R. 20 (emphasis added).

Plaintiff argues that that ALJ's finding of "no evidence of nerve root compression" in the record is erroneous and not supported by substantial evidence. Doc. 13 at 9. The court agrees. The ALJ stated categorically that she "found no evidence of nerve root compression." R. 20. However, some evidence of nerve root compression is, in fact, present on the record. Plaintiff was diagnosed with both cervical and lumbar radiculopathy. R. 219, 223, 280, 285, 289, 293, 297, 303, 308, 315. "'Radiculopathy' is defined as 'irritation of or injury to a nerve root *(as from being compressed)* that typically causes pain, numbness, or weakness in the part of the body which is supplied with nerves from that root.'" *Cooper v. Comm'r of Soc. Sec.*, No. 6:18-cv-1352-Orl-37LRH, 2019 WL 3097541, at *5 n.7 (M.D. Fla. June 28, 2019), report and recommendation adopted, 2019 WL 3082950 (M.D. Fla. July 15, 2019) (quoting Merriam–Webster Dictionary, http://www.merriamwebster. com/dictionary/radiculopathy (last visited June 27, 2019)) (emphasis added); *see also Israel v. Colvin*, 840 F.3d 432, 434 n.5 (7th Cir. 2016) ("Radiculopathy is a condition caused by compression, inflammation, and/or injury to a spinal nerve root. Pressure on the nerve root results in pain, numbness, or a tingling sensation that travels or radiates to other areas of the body that are served by that nerve.") (citation omitted).

In May 2016, Plaintiff sought treatment for neck and back pain from chiropractor Paul Weeks, D.C., who diagnosed her with cervical radiculopathy on a number of occasions. R. 219, 223, 315. Plaintiff also sought treatment from Dr. Joshua Meyer for back and neck pain in 2016, and he also diagnosed her with cervical and lumbar

radiculopathy on several occasions. R. 280, 285, 289, 293, 297, 303, 308. In December 2016, Dr. Meyer ordered a cervical MRI which revealed cervical spinal canal stenosis that was moderate at C3–4 and mild to moderate at C4-5. R. 292, 309. The MRI also revealed ventral disc protrusion at C3–4 and ventral osteophytes at C4–5. Following the MRI, Dr. Meyer treated Plaintiff's pain with epidurals and trigger point injections and continued to diagnose lumbar and cervical radiculopathy. R. 293, 297, 302–303, 313.

In her decision, the ALJ acknowledged the results of the MRI (R. 24) but never discussed or discredited Dr. Meyer's diagnosis of cervical and lumbar radiculopathy. R. 19–28. Dr. Weeks provided a Medical Source Statement with significant restrictions to which the ALJ gave little weight, finding it unsupported by his treatment records and "overstated in light of the objective findings." R. 26. The court does not address herein the appropriateness of the ALJ's decision to afford Dr. Weeks' opinion little weight. However, the ALJ's opinion does not show any consideration of Dr. Weeks' diagnosis of radiculopathy. It is true that the ALJ is not required to discuss every piece of evidence in the record. *See Brito v. Comm'r of Soc. Sec.*, 687 F. App'x 801, 804 (11th Cir. 2017) ("[T]he ALJ was not required to examine or reference every piece of evidence, so long as it is evident . . . that the ALJ considered [the claimant's] medical condition as a whole."). However, where the ALJ states unreservedly that there is "no evidence"—when, in fact, that is not the case—and the purported lack of evidence is the sole reason given for the ALJ's step-three decision, the decision cannot be supported by substantial evidence. *See Partipilo v. Berryhill*, No. 3:17-cv-549-MCR-CJK, 2018 WL 4518985, at *6 (N.D. Fla. Aug. 13, 2018) ("[T]he ALJ's cursory step-three analysis overlooked medical evidence relevant to evaluating Listing 1.04A.").

The Commissioner argues that Plaintiff has failed to demonstrate the existence of the other requirements of Listing 1.04A, for example, "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]" Doc. 17 at 6. However, the ALJ made no findings with respect to the other elements of the listing. The only specific finding that the ALJ made at step three was one of no evidence of nerve root compression, a finding that the court finds unsupported by the record. The ALJ did not address the other elements of Listing 1.04A at all; consequently, the court has no way of knowing how the ALJ would evaluate this evidence. Thus, the Commissioner's arguments as to whether Plaintiff satisfies the other elements of Listing 1.04A amount to impermissible *post hoc* rationalization. *See Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) ("The Supreme Court has held that a court may not accept appellate counsel's *post hoc* rationalizations for agency actions . . . . If an action is to be upheld, it must be upheld on the same bases articulated in the agency's order.") (citing *FPC v. Texaco Inc.*, 417 U.S. 380, 397, 94 S. Ct. 2315, 2326, 41 L. Ed. 2d 141 (1974)); *see also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (explaining that a reviewing court will not "affirm simply because some rationale might have supported the ALJ's conclusion").

The Commissioner also argues that Plaintiff only cites to a "handful of abnormal clinical findings" and that "[t]he evidence establishes such abnormal findings are largely intermittent." Doc. 17 at 6. Again, these are conclusions that are appropriately drawn by the ALJ, not by this court or by the Commissioner for the first time on appellate review.

*See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (finding that it is the ALJ's role and not the court's on appellate review to weigh the evidence). Also, the Commissioner's argument, which acknowledges the existence of abnormal clinical findings indicative of nerve root compression, contradicts the ALJ's finding that there was no such evidence.

The Commissioner also contends that the ALJ was not required "to further explain her step three finding." Doc. 17 at 8. The Commissioner notes that an ALJ is not required to "'mechanically recite the evidence leading to her determination,' so long as the ALJ's finding is implicit in the decision." *Id.* (quoting *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986)). Although this is undoubtedly the case, the ALJ's decision nevertheless must be supported by substantial evidence. Where it appears, as here, that the ALJ has either misstated or overlooked evidence relevant to the question of disability, the case may be remanded for the ALJ to set out specific findings as to whether Plaintiff is disabled at step three. *See, e.g.*, *Partipilo*, 2018 WL 4518985, at *7 (remanding where the "ALJ conducted an abbreviated analysis of whether [the claimant] met Listing 1.04A and overlooked evidence relevant to the Listing."); *Stokes v. Berryhill*, 294 F. Supp. 3d 460, 465 (E.D.N.C. 2018) ("[T]he case must be remanded because, in evaluating whether plaintiff was disabled pursuant to Listing 1.04A, the ALJ failed to consider pertinent evidence of plaintiff's spinal condition and failed to explain on the record any reasons why such evidence was discounted or ignored[.]"). In this case, the ALJ's step-three finding was based on the erroneous conclusion that the record contains no evidence of nerve root compression. Because this was the only reason given for the ALJ's decision, the court finds that the decision is not based on substantial evidence.

11

## V.  CONCLUSION

The ALJ erred at step three by basing her decision on a finding of "no evidence of nerve root compression" when, in fact, such evidence existed in the record.  However, at this time it is unclear whether the ALJ's conclusion that Plaintiff is not disabled will be altered by further consideration of Listing 1.04A.  Accordingly, the court will deny Plaintiff's request to reverse and remand for an award of benefits.  Rather, the Commissioner's decision will be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can conduct additional proceedings consistent with this opinion.  The court does not reach Plaintiff's arguments that are not expressly discussed herein.  On remand, the court expects that the Commissioner will consider Plaintiff's arguments on those issues as well.

A separate judgment will issue.

Done on this the 22nd day of January, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge